HIGGINSON, Circuit Judge,
with whom, STEWART, Chief Judge, JOLLY,[1] DAVIS, DENNIS, and GRAVES, Circuit Judges, join,
dissenting from the denial of rehearing en banc:
I write in dissent of denial of full court rehearing to note that this case presents an enbancworthy issue — whether a bankruptcy court, consistent with its statutory authority under 28 U.S.C. § 157(c)(2), may enter final judgment in a non-core proceeding with the parties’ consent. The panel opinion holds that it cannot do so consistent with Article III of the United States Constitution. The Supreme Court has granted certiorari and heard argument in Executive Benefits Insurance Agency v. Arkison (In re Bellingham Ins. Agency, Inc.), 702 F.3d 553 (9th Cir.2012), cert. granted, — U.S. -, 133 S.Ct. 2880, 186 L.Ed.2d 908 (2013), a case that presents *1372 the question of whether a bankruptcy-court can enter judgment in a core proceeding with the parties’ consent. Hence, and speaking to the issue’s significance, the role of consent-in delineating the scope of Article III is before the Supreme Court and I would be loath to anticipate its answer. I will not belabor the importance of a case that, in effect, strikes down a federal statute and whose result may disrupt the way our district and bankruptcy courts handle a large volume of routine bankruptcy business. Instead, I especially see significance to examining any rationale that might logically extend to precluding magistrate judges from entering judgment with parties’ consent.
In Technical Automation Services Corporation v. Liberty Surplus Insurance Corp., 673 F.3d 399, 407 (5th Cir.2012), this court upheld a magistrate judge’s capacity to enter final judgment in civil cases with the parties’ consent. In the instant matter, the panel opinion asserts no conflict with Technical Automation, but it is hard to see how there is not tension between this case and Technical Automation. Both cases recognize the similarities between magistrate and bankruptcy judges. Further, the respective statutes providing a basis for entering judgment with parties’ consent are similar. Then, and even assuming BP RE’s correctness, our law after BP RE is that a magistrate judge’s judgment is proper under 28 U.S.C. § 636(c)(1), but a bankruptcy judge’s judgment under 28 U.S.C. § 157(c)(2) is improper. Maybe there are good reasons for incongruity, but they are ones I perceive that our full court should explore.
As to BP RE’s merits, the panel opinion acknowledges that Stem announced a limited holding: “We conclude today that Congress, in one isolated respect, exceeded that limitation in the Bankruptcy Act of 1984.” Stern v. Marshall, — U.S. -, 131 S.Ct. 2594, 2620, 180 L.Ed.2d 475 (2011). BP RE concludes that Stem’s reasoning requires the conclusion that Congress exceeded Article III in another respect, even though Stem did not address parties’ consent. Instead, Stem may be less decisive than CFTC v. Schor, 478 U.S. 833, 851, 106 S.Ct. 3245, 92 L.Ed.2d 675 (1986), which noted that when “Article III limitations are at issue, notions of consent and waiver cannot be dispositive because the limitations serve institutional interests that the parties cannot be expected to protect.” But Schor has language supporting both sides of this controversy. Schor proclaims: “the parties cannot by consent cure the constitutional difficulty for the same reason that the parties by consent cannot confer on federal courts subject-matter jurisdiction beyond the limitations imposed by Article III, § 2,” id. at 851, 106 S.Ct. 3245, but also that:
the decision to invoke this forum is left entirely to the parties and the power of the federal judiciary to take jurisdiction of these matters is unaffected. In such circumstances, separation of powers concerns are diminished, for it seems self-evident that just as Congress may encourage parties to settle a dispute out of court or resort to arbitration without impermissible incursions on the separation of powers, Congress may make available a quasi-judicial mechanism through which willing parties may, at their option, elect to resolve their differences.
Id. at 855, 106 S.Ct. 3245. There is no determinative guidance as to the role consent plays in the Article III analysis of § 157(c)(2). It may be, as BP RE suggests, irrelevant as an impermissible cure attempt, or alternatively, consent may be part of the multifactor balancing test to determine whether there is an Article III problem in the first instance. Fortunately, Executive Benefits likely will shed light on *1373 this issue. Our court will benefit from that guidance, and I write separately to note that I would usefully have incorporated such guidance into our own full court assessment of these weighty constitutional boundaries.